UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RUSSELL DALE KNAUS,

                Plaintiff,

v.                                                        Case No. 23-C-1309

ANDREA WILCOX, et al.,

                Defendants.

---

## DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

---

       On October 4, 2023, Plaintiff Russell Dale Knaus filed a lawsuit alleging that Defendants Andrea Wilcox, John Doe #1, John Doe #2, and John Doe #3 failed to protect him from sexual assault by another inmate (Timmothy Grandson) at the Redgranite Correctional Institution. Dkt. Nos. 1, 7. Knaus alleges that Defendants placed him in a cell with an inmate known to force sexual advances on other inmates shortly after Knaus had undergone two emergency hernia surgeries that made him weak and unable to protect himself. *Id.* On March 8, 2024, Wilcox filed a motion to dismiss the case as untimely under Wisconsin's three-year statute of limitations. The Court converted the motion into a motion for summary judgment because the motion relied on documents outside of the pleadings. In particular, Wilcox submitted incident reports showing that the alleged sexual assaults occurred on May 13, 2018, June 17, 2019, and April 23, 2020, and a declaration from Security Director Terry Sawall, who has access to all incident reports filed at Redgranite Correctional Institution and stated that there are no other incident reports involving Knaus and Grandson. Dkt. Nos. 13, 17; *see also* Dkt. Nos. 15 at ¶9; 15-1, 15-2, 15-3, & 15-4. For the following reasons, the motion will be granted and the case dismissed.

A §1983 lawsuit must be brought within the statute of limitations for personal injuries supplied by the state in which the claim arose. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). In Wisconsin, the statute of limitations for an incident that accrued *before* April 5, 2018 is six years; and the statute of limitations for an incident that accrued *after* April 5, 2018 is three years. *See D'Acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that the Wisconsin legislature changed the relevant statute of limitations from six years to three years on April 5, 2018). Although federal courts borrow the statute of limitations from state law, "the accrual date of a §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 549 U.S. at 388. Under federal law, the clock starts when the constitutional violation is complete, and the plaintiff knows of his injury and its cause. *Id.*; *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015).

Knaus appears to concede that the incidents giving rise to this lawsuit occurred on May 13, 2018, June 17, 2019, and April 23, 2020. He nevertheless argues that he did not "recognize" his "pain and suffering" until his release from custody in November 2020. Dkt. No. 22. But Knaus' failure to protect claim accrued at the time of the alleged failure to protect. *See, e.g.*, *Pierce v. Delgado*, No. 3:18-CV-868-DRL-MG8G, 2020 WL 5351610, at *1 (N.D. Ind. Sept. 4, 2020) ("[T]his cause of action accrued at the time of the alleged failure to protect."); *Finnegan v. Kink*, No. 3:20-CV-00218-GCS, 2024 WL 1345632, at *7 (S.D. Ill. Mar. 29, 2024) (concluding that inmate's claim that correctional staff placed inmate in a cell where inmate was sexually assaulted by another inmate accrued on the date of the assault). As a result, Knaus' claims accrued on May 13, 2018, June 17, 2019, and April 23, 2020, when he was assaulted by Grandson. Knaus did not file his complaint until October 4, 2023. Because Knaus did not initiate this action within three

2

years of the assaults, his claims are time-barred by the statute of limitations. Knaus has not presented evidence that would justify the "rare" and "extraordinary" remedy of equitable tolling. *See Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021). Accordingly, Wilcox's motion for summary judgment (Dkt. No. 13) is **GRANTED**. This action is dismissed as time barred. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of June, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.